# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

_____

In re:

Julie K. Klaphake,    Bky. Case No. 14-60254
    Chapter 7

    Debtors.

_____

Erik A. Ahlgren, Trustee,    ADV No. 14-____

    Plaintiff,

vs.    **ADVERSARY COMPLAINT**

Julie K. Klaphake and
Rodney E. Klaphake

    Defendants.

_____

Erik A. Ahlgren, chapter 7 trustee of the above referenced bankruptcy estate, brings this complaint against Julie K. Klaphake and Rodney E. Klaphake. In support of his complaint, the Trustee states and alleges as follows:

## PARTIES

1. Plaintiff Erik A. Ahlgren is the duly-appointed Chapter 7 Trustee of the bankruptcy estate of Julie K. Klaphake (the "Trustee").

2. Defendant Julie K. Klaphake is the debtor in the above referenced bankruptcy case (the "Debtor").

3. Defendant Rodney E. Klaphake is the husband of the Debtor.

4. Mr. Klaphake and Ms. Klaphake may be jointly referred to as the Defendants.

## JURISDICTION AND VENUE

5.   The Debtor commenced this case as a chapter 7 bankruptcy in this district, and the case is now pending in this court.

6.   This adversary proceeding is brought pursuant to 11 U.S.C. §§542 and Federal Rules of Bankruptcy Procedure 7000(1) and Local Rule 1070-1.

7.   Jurisdiction over this adversary proceeding is based on 28 U.S.C. §§1334(b) and 157(b)(2)(F). This is a core proceeding under 28 U.S.C. §157(b)(2)(E) and (M).

8.   This district is the proper venue for this adversary proceeding pursuant to 28 U.S.C. §1409(a).

## BACKGROUND FACTS

9.   The Defendants own the following assets (the "Assets"):

| Asset | |
|---|---|
| Stearns Bank Account<br>• $400 | W |
| Central MN Credit Union Account<br>• $5,000 | J |
| Livestock | J |
| Feed Corn in Silos | J |
| Hay | J |
| John Deere 4450 Tractor | W |
| 1845C Case IH Tractor | J |
| International Tractor | J |
| WD Tractor | J |
| Bobcat Skidloader | J |
| Bobcat Bucket | J |
| Pallet Forks | J |
| Hay Rack | J |
| Chopper | J |
| Habine (Two) | J |
| Hayrake | J |
| Baler | J |

| | |
|---|---|
| Bale Feeder | J |
| Bale Spear | J |
| Gravity Box | J |
| Spreader | J |
| Feeder | J |
| Sprayer | J |
| Cattle Trailer | J |
| Ritchie Waterer | J |
| Fencing | J |
| Standup Gates | J |
| Tools | J |
| Aluminum Trailer | W |
| 2008 MIDI Trailer | J |

The Assets designated with a "J" will be hereinafter referred to as the "Co-Owned Assets".

10. The Assets are subject to the following security interests held by the Central Minnesota Credit Union:

| Note | Borrower | Principle due on 4/25/14 | Collateral | Bank Valuation of Collateral |
|---|---|---|---|---|
| | | | | |
| xxx0002 | Julie Klaphake | 17,993.51 | JD 4450 tractor RW4450P025557 | $40,100 |
| xxx0003 xxx0004 | Julie Klaphake and Rodney Klaphake | 18,357.25 | 1845C Case IH Skidloader# JAF0161884; all crops and cattle | $63,600 |
| | | 36350.76 | | |

11. Because the Debtor claimed Minnesota exemptions, she is entitled to claim $11,500 in farm equipment equity as exempt.

## COUNT ONE

## TURNOVER

12. The above paragraphs are incorporated herein by reference.

3

13. The Debtor's interest in the Assets constitute property of the estate within the meaning of 11 U.S.C. §541.

14. The Assets are of significant value to the bankruptcy estate.

15. Pursuant to 11 U.S.C. §542, the Defendants are required to turnover the Assets or the value of the Assets to the Trustee.

## COUNT TWO

### SALE OF CO-OWNED ASSETS PURSUANT TO 11 U.S.C. §363(h)

16. The above paragraphs are incorporated herein by reference.

17. Pursuant to 11 U.S.C. §363(h) the Trustee seeks an order authorizing the sale of both the estate's interest and the interest of Mr. Klaphake as co-owner in the Co-Owned Assets.

18. Partition in kind of the Co-Owned Assets among the estate and the co-owner is impracticable.

19. The sale of the estate's undivided interest in the Co-Owned Assets would realize significantly less for the estate than sale of such property free of the interests of Mr. Klaphake as co-owner.

20. The benefit to the estate of a sale of such property free of the interests of the co-owner outweighs the detriment, if any, to the co-owner.

21. The Co-Owned Assets are not used for the production, transmission, or distribution, for sale, of electrical energy or of natural or synthetic gas for heat, light or power.

22. The Trustee meets all of the requirements of §363(h) of the Bankruptcy Code to sell the Co-Owned Property.

## COUNT THREE

### COSTS AND EXPENSES OF SALE 11 U.S.C. §363(J)

23. The above paragraphs are incorporated herein by reference..

24. Pursuant to §363(j) of the Bankruptcy Code, the Trustee seeks an order authorizing the Trustee to charge Mr. Klaphake with his share of the costs and expenses of selling the Co-Owned Assets.

**WHEREFORE,** the Trustee is entitled to the judgment of this Court (a) ordering the Defendant to turnover the Assets to the Trustee, (b) authorizing the Trustee to sell the Co-Owned Assets, including the estate's interest and the interest of all co-owners pursuant to the provisions of 11 U.S.C. §363(h), (c) authorizing the Trustee to charge the co-owner with its share of the costs and expenses of the sale pursuant to the provisions of 11 U.S.C. §363(j) and (d) including such other and further relief, at law or in equity, to which the Trustee may be justly entitled.

**AHLGREN LAW OFFICE, PLLC**

Dated: February 2, 2015

By: /e/ Erik A. Ahlgren
Erik A. Ahlgren, Atty #191814
220 West Washington Ave, Suite 105
Fergus Falls, MN 565367
(218) 998-2775)
erik@ahlgrenlaw.net

Attorney for Trustee